FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

**NOV 20 2020**

CATHI EDWARDS, COURT CLERK
_____
DEPUTY

## IN THE DISTRICT COURT OF ROGERS COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| 1) JANE DOE NO. 1, | § |
| | § |
| Plaintiff, | § |
| v. | § CASE NO: CJ-2020- 345 |
| | § |
| 1) INDEPENDENT SCHOOL DISTRICT | § |
| NO. 4 OF ROGERS COUNTY, | § |
| OKLAHOMA, a/k/a OOLOGAH-TALALA | § |
| SCHOOL DISTRICT, a/k/a OOLOGAH- | § |
| TALALA PUBLIC SCHOOLS; and, | § JURY TRIAL DEMANDED |
| 2) DANIEL BODINE, an individual, | § |
| | § |
| Defendants. | § |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Jane Doe No. 1[1], by and through her attorneys of record, alleges and states as follows:

1.     At all relevant times pertinent hereto, Plaintiff was and is a citizen of the State of Oklahoma and a resident of Rogers County, Oklahoma.

2.     Defendant Independent School District No. 4, *a/k/a* Oologah-Talala School District, *a/k/a* Oologah-Talala Public Schools (the "District") is a public educational institution located in Rogers County, Oklahoma. The District is an Oklahoma school district organized and existing under the laws of the State of Oklahoma and has its principal office in Rogers County, Oklahoma. The District receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 - 1688. The District may be served with process at its principal place of business:  P.O. Box 189, 100700 S. Hwy. 169, Oologah, OK 74053.

---

[1] "Jane Doe" is a fictitious name. The identifier as "No. 1" is necessary because there are multiple victims as a result of the acts and omissions of the Oologah-Talala School District. *See* Joy Hofmeister, State Superintendent of Public Education, *Oologah-Talala Public Schools, Probation and Reprimand*, OKLAHOMA STATE BOARD OF EDUCATION (July 21, 2020).

**EXHIBIT
2**

3.      Defendant Daniel Bodine ("Bodine") was a teacher at Oologah-Talala High School.

4.      Defendant Bodine was acting within the course and scope of his employment, except as to those claims, which are intentional torts.

5.      The District Court of Rogers County has subject matter and personal jurisdiction over the Defendant and venue is proper pursuant to 12 O.S. §§ 133, 134, and 143.

6.      The District should provide a safe learning environment for its students. The District failed to do so.

7.      The District failed to provide its students an environment free of a sexual predator, Defendant Bodine.

8.      While on the Oologah-Talala High School grounds and during school hours, Defendant Bodine repeatedly preyed on Jane Doe No. 1 even after the District was informed of the sexual predator's misconduct via the District's agents and employees.

9.      Plaintiff Jane Doe No. 1 is a victim of a sexual predator.[2]

10.     Under the Fourth Amendment and the Fourteenth Amendment, Plaintiff has the right to Due Process and Equal Protection of the Law.

11.     At all times relevant hereto, it was clearly established that Plaintiff had fundamental rights to physical safety and to be free from the infliction of unnecessary pain.

12.     Defendant District was a state actor acting under the color of state law.

13.     Defendant District denied Plaintiff her rights to Due Process and Equal Protection of the Law by:

---

[2] *See State of Oklahoma vs. Daniel Albert Cline Bodine*, Case No. CF-2019-465, District Court of Rogers County, State of Oklahoma.

    a.     Failing to enact and implement adequate policies concerning sexual harassment, misconduct and abuse;

    b.     Failing to remove Bodine;

    c.     Failing to prevent female students from being alone with Bodine;

    d.     Failing to investigate Bodine properly, before and after these referenced allegations;

    e.     Failing to hire, train, supervise, and retain Bodine properly;

    f.     Failing to adequately train and supervise its employees; and

    g.     Exhibiting deliberate indifference to the sexual misconduct directed at Plaintiff and other students.

14.    Defendant District has an unconstitutional custom or policy of:

    a.     Failing to report criminal misconduct;

    b.     Failing to investigate criminal misconduct;

    c.     Discounting the credibility of allegations; and

    d.     Failing to adequately train and supervise employees with regard to the investigation and reporting of sexual abuse of its students.

15.    The policy is attributable to a policymaker.

16.    The resulting inadequate policies and resulting failure to train allowed Bodine, as Defendant District's employee, to violate Plaintiff's 4th Amendment rights and Plaintiff's 14th Amendment rights to Equal Protection and Due Process.

17.    Defendant District violated Title IX.

18.    Molestation of students at a school is a danger.

19.     An environment where a student is feloniously touched, molested, and/or receives lewd or lascivious communications from an adult is a dangerous environment.

20.     Defendant District created a dangerous environment for its students, including Plaintiff.

21.     Defendant District, as a state actor, affirmatively acted to create, or increased the Plaintiff's vulnerability to, or danger from, the misconduct of Defendant Bodine.

22.     Plaintiff was a member of a limited and specifically definable group—namely, female and student.

23.     Defendant created the danger or increased the Plaintiff's vulnerability to the danger by at least effectively ignoring other allegations and not immediately removing Defendant Bodine from its District after receiving notice of his misconduct.

24.     Defendant District's conduct put Plaintiff at a substantial risk of serious, immediate and proximate harm. That risk included the risk of being abused while at Defendant District's high school. Indeed, Defendant Bodine abused Plaintiff after the District had actual notice of Bodine's misconduct.

25.     The risk of danger was obvious or known to Defendant District.

26.     Defendant District's actions and inactions created an opportunity for Defendant Bodine to engage in sexual misconduct.

27.     Defendant District acted recklessly in conscious disregard of that risk.

28.     Defendant District's conduct, when viewed in total, shocks the conscience.

29.     Defendant District and its officials' acts and omissions resulted in Plaintiff suffering severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation.

4

30.     The physical and mental abuse that Defendant Bodine inflicted upon Plaintiff was done maliciously and sadistically.

31.     Defendant Bodine's actions were extreme and outrageous and beyond the bounds of decency.

32.     Defendant Bodine's actions were atrocious and utterly intolerable in a civilized society.

33.     As a direct result of Defendant Bodine's actions, Plaintiff was severely traumatized, beyond which a reasonable female student could be expected to endure.

34.     Defendant Bodine intentionally and/or recklessly caused her emotional distress.

35.     The actions of Defendant Bodine were intentional and/or reckless, with disregard for the rights of others, including the rights of Plaintiff.

36.     Plaintiff is entitled to recover actual and punitive damages against Defendant Bodine to deter him, and others similarly situated, from this behavior in the future and to punish him for his socially unacceptable behavior.

WHEREFORE Plaintiff prays for judgment against the Defendant District for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable and prays for judgment against Defendant Daniel Bodine, individually, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable. Additionally, if permitted under the facts of this case and by Oklahoma law, Plaintiff further prays for an award of punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 United States Code §1332.

Respectfully submitted,

_____
CAMERON SPRADLING, OBA #8509
*Attorney & Counselor at Law*
500 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Cameron@CameronSpradling.com

RICHARD S. TOON, JR., OBA #16069
ANDREW G. WAKEMAN, OBA #21393
TOON LAW FIRM, PLLC
1619 S. Peoria Ave., Ste. A
Tulsa, Oklahoma 74120
Phone: (918) 477-7884
Fax: (918) 477-7893
RichToon@ToonLawFirm.com
AndrewWakeman@ToonLawFirm.com

ATTORNEYS FOR PLAINTIFF

6

FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

**IN THE DISTRICT COURT OF ROGERS COUNTY
STATE OF OKLAHOMA**

NOV 20 2020

CATHI EDWARDS, COURT CLERK

DEPUTY

1)   JANE DOE NO. 1,

   Plaintiff,

 v.

  CASE NO. CJ-2020-**345**

1)   INDEPENDENT SCHOOL DISTRICT
  NO. 4 OF ROGERS COUNTY,
  OKLAHOMA, a/k/a OOLOGAH-TALALA
  SCHOOL DISTRICT, a/k/a OOLOGAH-
  TALALA PUBLIC SCHOOLS; and,
2)   DANIEL BODINE, an individual.

   Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

---

### ENTRY OF APPEARANCE

  COMES NOW, Cameron Spradling, and hereby enters his appearance as attorney of record for the Plaintiff, Jane Doe No. 1, in the above-styled case.

        Respectfully submitted,

        CAMERON SPRADLING, OBA #8509
        *Attorney & Counselor at Law*
        500 North Walker Avenue, Suite 140
        Oklahoma City, OK 73102
        Phone: (405) 605-0610
        Fax: (405) 605-0615
        Cameron@CameronSpradling.com

        ATTORNEY FOR PLAINTIFF

### IN THE DISTRICT COURT OF ROGERS COUNTY
### STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1) | JANE DOE NO. 1, | § |
| | | § |
| | Plaintiff, | § |
| | v. | §    CASE NO. CJ-2020- 345 |
| | | § |
| 1) | INDEPENDENT SCHOOL DISTRICT | § |
| | NO. 4 OF ROGERS COUNTY, | § |
| | OKLAHOMA, a/k/a OOLOGAH-TALALA | § |
| | SCHOOL DISTRICT, a/k/a OOLOGAH- | § |
| | TALALA PUBLIC SCHOOLS; and, | § |
| 2) | DANIEL BODINE, an individual, | § |
| | | § |
| | Defendants. | § |

---

### ENTRY OF APPEARANCE

COMES NOW, Richard S. Toon, Jr., and hereby enters his appearance as attorney of

record for Plaintiff, Jane Doe No. 1, in the above-styled case.

Respectfully submitted,

TOON LAW FIRM, PLLC

RICHARD S. TOON, JR., OBA #16069
1619 S. Peoria Ave.
Tulsa, Oklahoma 74120
Phone: (918) 477.7884
Fax: (918) 477.7893
richtoon@toonlawfirm.com
ATTORNEY FOR PLAINTIFF

Case 4:21-cv-00253-CVE-JFJ   Document 2-2 Filed in USDC ND/OK on 06/15/21   Page 9 of 30

**IN THE DISTRICT COURT OF ROGERS COUNTY**
**STATE OF OKLAHOMA**

1) JANE DOE NO. 1, §
§
Plaintiff, §
v. § CASE NO. CJ-2020- 345
§
1) INDEPENDENT SCHOOL DISTRICT §
NO. 4 OF ROGERS COUNTY, §
OKLAHOMA, a/k/a OOLOGAH-TALALA §
SCHOOL DISTRICT, a/k/a OOLOGAH- §
TALALA PUBLIC SCHOOLS; and, §
2) DANIEL BODINE, an individual, §
§
Defendants. §

---

## ENTRY OF APPEARANCE

COMES NOW, Andrew G. Wakeman, and hereby enters his appearance as attorney of

record for Plaintiff, Jane Doe No. 1, in the above-styled case.

Respectfully submitted,

TOON LAW FIRM, PLLC

ANDREW G. WAKEMAN, OBA #21393
1619 S. Peoria Ave.
Tulsa, Oklahoma 74120
Phone: (918) 477.7884
Fax: (918) 477.7893
andrewwakeman@toonlawfirm.com
ATTORNEY FOR PLAINTIFF

FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

MAY 07 2021

CATHI EDWARDS, COURT CLERK

DEPUTY

## IN THE DISTRICT COURT OF ROGERS COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1) | JANE DOE NO. 1, | § |
| | | § |
| | Plaintiff, | § |
| | v. | § CASE NO: CJ-2020-345 |
| | | § |
| 1) | INDEPENDENT SCHOOL DISTRICT | § *Judge Sheila A. Condren* |
| | NO. 4 OF ROGERS COUNTY, | § |
| | OKLAHOMA, a/k/a OOLOGAH-TALALA | § |
| | SCHOOL DISTRICT, a/k/a OOLOGAH- | § |
| | TALALA PUBLIC SCHOOLS; and, | § |
| 2) | DANIEL BODINE, an individual, | § |
| | | § |
| | Defendants. | § |

## PLAINTIFF'S MOTION TO PROCEED UNDER ALIAS

COME NOW the Plaintiff, Jane Doe No. 1, a pseudonym for Plaintiff herein, and for her Motion to Proceed Under Alias, states and alleges as follows:

1. Plaintiff is a real party in interest to this suit. The identity of Plaintiff is known to the Defendants.

2. As the Court can see from the allegations of the Petition, Plaintiff should be permitted to proceed under alias due to the sensitive nature of the allegations made herein. Her identify should be protected to prevent re-victimization by Defendants in this matter.

3. Plaintiff is the rape victim in the pending criminal case entitled, *State of Oklahoma v. Daniel Albert Cline Bodine*, Case No. CF-2019-465, (Rogers County District Court, Oklahoma), a matter currently set for Preliminary Hearing on May 26, 2021 at 9:00 a.m. In addition, Plaintiff was a Special Education student of Mr. Bodine. *See* Probable Cause Affidavit, in CF-2019-465, filed on July 22, 2019, and incorporated herein by reference as if fully set forth herein.[1]

---

[1] Oklahoma State Courts Network ("OSCN"):
https://www.oscn.net/dockets/GetCaseInformation.aspx?db=rogers&number=CF-2019-465

4. The Court should enter protective orders in this matter that prevent the disclosure of Plaintiff's identity in any filed document and that any document that identifies Plaintiff by name should be sealed or redacted.

5. Plaintiff does not object to this Court making a finding that the conduct of this case will be aided, the facts and allegations of such a sensitive nature, the interests of judicial economy of resources, and the interest of the public not prejudiced, by the removal of Plaintiff's name from the public style of this matter, all pursuant to 12 O.S. § 3226(C)(7).

WHEREFORE, Plaintiff respectfully requests that Plaintiff's Motion be granted, that Plaintiff be granted the relief requests in her Motion, and that Plaintiff be granted all relief to which she is entitled by equity or law.

Respectfully submitted,

RICHARD S. TOON, JR., OBA #16069
ANDREW G. WAKEMAN, OBA #21393
TOON LAW FIRM, PLLC
1619 S. Peoria Ave.,
Tulsa, Oklahoma 74120
Phone: (918) 477-7884
Fax: (918) 477-7893
RichToon@ToonLawFirm.com
AndrewWakeman@ToonLawFirm.com

CAMERON SPRADLING, OBA #8509
*Attorney & Counselor at Law*
500 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Cameron@CameronSpradling.com

ATTORNEYS FOR PLAINTIFF

FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

MAY 07 2021

CATHI EDWARDS, COURT CLERK

DEPUTY

**IN THE DISTRICT COURT OF ROGERS COUNTY
STATE OF OKLAHOMA**

| | | |
|---|---|---|
| 1) | JANE DOE NO. 1, | § |
| | | § |
| | Plaintiff, | § |
| | v. | § |
| | | § |
| 1) | INDEPENDENT SCHOOL DISTRICT | § |
| | NO. 4 OF ROGERS COUNTY, | § |
| | OKLAHOMA, a/k/a OOLOGAH-TALALA | § |
| | SCHOOL DISTRICT, a/k/a OOLOGAH- | § |
| | TALALA PUBLIC SCHOOLS; and, | § |
| 2) | DANIEL BODINE, an individual, | § |
| | | § |
| | Defendants. | § |

CASE NO: CJ-2020-345

*Judge Sheila A. Condren*

## <u>ORDER ON MOTION FOR PLAINTIFF TO PROCEED UNDER ALIAS</u>

NOW on this _7th_ day of May, 2021, Plaintiff's Motion for Plaintiff to Proceed Under

Alias (the "Motion") comes on for consideration by this Court. After considering the Motion and

being fully advised in the premises, this Court finds that Plaintiff's primary interests and the

sensitive nature of the allegations outweigh the public's interest in knowing her identity. To that

extent, this Court therefore finds Plaintiff's Motion should be and is therefore GRANTED.

THIS COURT ORDERS THE FOLLOWING:

1. Plaintiff may proceed under the fictitious name "Jane Doe No. 1" as described in the

   Petition;

2. All pleadings and documents which must contain Plaintiff's true identity will be filed by

the parties with this Court under seal; and

3. The parties shall maintain the Plaintiff's identity in confidence and shall reveal her identity

only when necessary to litigate Plaintiff's claims in this case, gather evidence and take the

testimony of witnesses.

IT IS SO ORDERED this __7th__ day of May, 2021.

_____
Judge of the District Court

Approved:

_____
RICHARD S. TOON, JR., OBA #16069
ANDREW G. WAKEMAN, OBA #21393
TOON LAW FIRM, PLLC
1619 S. Peoria Ave.,
Tulsa, Oklahoma 74120
Phone: (918) 477-7884
Fax: (918) 477-7893
RichToon@ToonLawFirm.com
AndrewWakeman@ToonLawFirm.com


CAMERON SPRADLING, OBA #8509
*Attorney & Counselor at Law*
500 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Cameron@CameronSpradling.com

ATTORNEYS FOR PLAINTIFF

*CPS Inc.*
Terry L. Laflin
P.O. Box 690322 – Tulsa, Ok.  74169-0322

FILED IN THE DISTRICT COU
ROGERS COUNTY OKLAHOM

CJ-2020-345

**PROOF OF SERVICE**

MAY 26 2021

Documents served: I, being duly sworn, certify that on **05/17/21** I, received the forgoing, to wit:

CATHI EDWARDS, COURT CLEF

_X_ Summons w/Petition          ___Request for Production          ___Affidavit
___Summons w/ Complaint         ___Request for Admissions          ___Forcible Entry & Detainer
___Temporary Order              ___Notice                          ___Hearing on Assets
___Temp. Restraining Order      ___Motion                          ___Contempt Citation
___Order:                       ___Trial Subpoena                  ___Garnishment Affidavit
___Entry of Appearance          ___Subpoena Duces Tecum            ___Deposition Subpoena/fees
___Other: Application for Hearing on Assets

DEPUT

**METHOD OF SERVICE:** Answered the same according to law in the following manner, to wit:

**PERSONAL SERVICE:**
☐ By delivering a true copy of said process personally to:_____
at:_____ Date:_____ Time:_____

**USUAL PLACE OF RESIDENCE:**
☐ By leaving a copy of said process for_____with:_____
a resident/family member, fifteen years of age or older, at_____
which is his/her usual place of residence.  Date:_____ Time:_____

☐ By leaving a copy of said process for_____with_____
a resident/family member, fifteen years of age or older, at_____
which is his/her usual place of residence.  Date:_____ Time:_____

**CORPORATION/PARTNERSHIP:**
_X_ By delivering a true copy of said process to **Lynda Runner** he/she being the Clerk, Service Agent,
Agent in Charge, an Officer or Partner of said Entity, to wit: **Independent School District No 4 of Rogers County, Oklahoma, a/k/a Oologah-Talala School District, a/k/a Oologah-Talala Public Schools** at: **3500  E 400 Road, Oologah, OK 74053** Date: **05/17/21** Time: **7:41 PM**

**POSTED SERVICE:**
☐ By affixing a true copy of said process to the premises located at_____
which is in possession of the defendant, to wit:_____ Date:_____

**AFFIDAVIT**

I,**Claudia Dohn**, the undersigned, do under oath, say that I served this summons and made return thereon,
according to law & that I am duly authorized to make this affidavit, so help me God.

(Seal)
Claudia Dohn          PSS-2020-13

Subscribed and sworn to before me:

on this **18th** Day of **May, 2021** Notary Public

M. SPENCER
Notary Public in and for
STATE OF OKLAHOMA
Commission #08002847
Expires: March 10, 2024

## IN THE DISTRICT COURT OF ROGERS COUNTY
### STATE OF OKLAHOMA, 200 S. LYNN RIGGS BLVD., CLAREMORE, OK 74017

| | |
|---|---|
| Jane Doe No. 1,<br><br>               Plaintiff,<br><br>v.<br><br>Independent School District No 4<br>of Rogers County, Oklahoma, a/k/a<br>Oologah-Talala School District, a/k/a<br>Oologah-Talala Public Schools; and<br>Daniel Bodine, an individual,<br><br>               Defendants. | Case No.:   CJ-2020-345<br><br>Attorneys for Plaintiff:<br><br>Name:   Richard S. Toon, Jr. OBA# 16069<br>          Andrew G. Wakeman, OBA #21393<br><br>Address:  Toon Law Firm, PLLC<br>          1619 South Peoria Avenue<br>          Tulsa, Oklahoma 74120<br>          918-477-7884<br><br>Name:   Cameron Spradling, OBA #8509<br><br>Address:  500 North Walker Ave., Suite 140<br>          Oklahoma City, Oklahoma 73102<br>          405-605-0610 |
| To the above-named Defendant:<br><br>**Independent School District No 4 of Rogers County,<br>Oklahoma, a/k/a Oolgah-Talala School District, a/k/a<br>Oologah-Talala Public Schools<br>c/o Lynda Runner, Clerk<br>3500 E. 400 Rd.<br>Oologah, Oklahoma 74053** | **CLAUDIA DOHN**<br><br>Appointed to serve, PSL# _20-13_<br><br>Authorized by:  Richard S. Toon, Jr. |

     You have been sued by the above-named plaintiff(s), and you are directed to file a written answer to the attached petition in the Court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 12 day of _May_, 2021.

                                       Cathi Edwards, Court Clerk

                        Court Clerk

                        By:

                        Deputy Court Clerk

(Seal)

This Summons and Petition were served on 5/17/21

                                (Signature of person serving summons)

     **YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**



FILED IN THE DISTRICT COURT
ROGERS COUNTY OKLAHOMA

**IN THE DISTRICT COURT OF ROGERS COUNTY**
**STATE OF OKLAHOMA**

JUN 07 2021

CATHI EDWARDS, COURT CLERK

DEPUTY

1)  JANE DOE NO. 1,                                 §
                                                    §
            Plaintiff,                              §
    v.                                              §   CASE NO: CJ-2020-345
                                                    §
1)  INDEPENDENT SCHOOL DISTRICT                     §   *Judge Shelia A. Condren*
    NO. 4 OF ROGERS COUNTY,                         §
    OKLAHOMA, a/k/a OOLOGAH-TALALA                  §
    SCHOOL DISTRICT, a/k/a OOLOGAH-                 §
    TALALA PUBLIC SCHOOLS; and,                     §   JURY TRIAL DEMANDED
2)  DANIEL BODINE, an individual,                   §
                                                    §
            Defendants.                             §

## PLAINTIFF'S FIRST AMENDED PETITION

COMES NOW the Plaintiff, Jane Doe No. 1[1], by and through her attorneys of record,

Cameron Spradling of Cameron Spradling, PLLC, and Richard S. Toon, Jr. and Andrew G.

Wakeman of Toon Law Firm, PLLC, and for her First Amended Petition against the Defendants

avers and states as follows:

## PARTIES, JURISDICTION AND VENUE

1.     At all relevant times pertinent hereto, Plaintiff was and is a citizen of the State of

Oklahoma and was a resident of Rogers County, Oklahoma.

2.     Defendant Independent School District No. 4, *a/k/a* Oologah-Talala School

District, *a/k/a* Oologah-Talala Public Schools (the "District" the "School District" or the

---

[1] "Jane Doe" is a fictitious name. On May 7, 2021, this Court entered an Order on Motion for
Plaintiff to Proceed Under Alias to allow Jane Doe No. 1. The identifier as "No. 1" is necessary
because there are multiple victims as a result of the acts and omissions of the Oologah-Talala
School District. See, *Jane Doe No. 2 and Jane Doe No. 3 v. Oologah-Talala Independent School
District No. 4, et al.*, No. CJ-2020-347, (Rogers County Dist. Ct., Okla.), presently removed to
U.S. District Court, Northern District, Case No. 21-cv-00240-JFH-SFH and *see also* Joy
Hofmeister, State Superintendent of Public Education, *Oologah-Talala Public Schools,
Probation and Reprimand*, OKLAHOMA STATE BOARD OF EDUCATION (July 21, 2020).

"Oologah-Talala School District") is a public educational institution located in Rogers County, Oklahoma. The District is an Oklahoma school district organized and existing under the laws of the State of Oklahoma and has its principal office in Rogers County, Oklahoma. The District receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 - 1688. The District may be served with process at its principal place of business: P.O. Box 189, 100700 S. Hwy. 169, Oologah, OK 74053.

3.      Defendant Daniel Bodine ("Bodine") was a teacher at Oologah-Talala High School.

4.      The District Court of Rogers County has subject matter and personal jurisdiction over the Defendant and venue is proper pursuant to 12 O.S. §§ 133, 134, and 143.

## FACTUAL BACKGROUND

5.      The School District should provide a safe learning environment for its students. They failed to do so.

6.      The District failed to provide its students an environment free of a sexual predator, Defendant Bodine.

7.      While on the Oologah-Talala High School grounds and during school hours, Defendant Bodine repeatedly preyed on Jane Doe No. 1.

8.      Plaintiff Jane Doe No. 1 was a victim of a sexual predator.[2]

9.      Plaintiff Jane Doe No. 1 was a female and was required to attend school per Oklahoma Statute 70 O.S. § 10-105.

10.     Daniel Bodine ("Bodine") was a teacher at Oologah-Talala High School.

---

[2] *See State of Oklahoma vs. Daniel Albert Cline Bodine*, Case No. CF-2019-465, District Court of Rogers County, State of Oklahoma.

11.     Bodine molested, made lewd comments, or inappropriately touched or felt the body or private parts of a female student or students, which included the Plaintiff and multiple violations of 21 O.S. § 1111 (A)(8)[3], while at the School District, on campus, and during school hours.

12.     The School District failed to implement and/or execute policies in regard to the reporting of sexual misconduct to state agencies to protect students from further abuse; to end the access to students of suspected predators; and the inadequacy of these polices resulted in the deprivation of Plaintiffs' constitutional, statutory, and common-law rights.

13.     The Oologah-Talala School District, its Board of Education, its staff and administrators have allowed a pervasive culture of sexual abuse and sexual harassment of its students by the School District's staff.

14.     The School District has created a pervasive culture of not promptly reporting sexual misconduct to law enforcement and the Department of Human Services.

15.     The School District failed to ensure that all of its employees, including teachers and administrators, were properly hired, trained, retained, and supervised to perform their jobs.

16.     The School District is responsible for the acts and omissions of its employees, including its teachers and administrators, during the course and scope of their employment.

17.     The Oologah-Talala School District's Board of Education was and is responsible for the supervision of the School District and its teachers and employees and had control over the School District's teachers and employees.

---

[3] 21 O.S. § 1111 (A)(8), defines Rape in the Second Degree as follows: "Where the victim is at least sixteen (16) years of age and is less than twenty (20) years of age and is a student, or under the legal custody or supervision of any public or private elementary or secondary school, junior high or high school, or public vocational school, and engages in sexual intercourse with a person who is eighteen (18) years of age or older and is an employee of the same school system." *See also,* 21 O.S. § 1116.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Violations

COME NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for her First Cause of Action against the School District, alleges and states that under the Fourth Amendment and the Fourteenth Amendment, Plaintiff has the right to Due Process and Equal Protection of the Law.

18.    At all times relevant hereto, it was clearly established that Plaintiff had fundamental rights to physical safety and to be free from the infliction of unnecessary pain.

19.    The School District was a state actor acting under the color of state law.

20.    The School District denied Plaintiff her rights to Due Process and Equal Protection of the Law by:

   a.   Failing to enact and implement adequate policies concerning sexual harassment, misconduct and abuse;

   b.   Failing to remove Bodine;

   c.   Failing to prevent female students from being alone with Bodine;

   d.   Failing to investigate Bodine properly, before and after these referenced allegations;

   e.   Failing to hire, train, supervise, and retain Bodine properly;

   f.   Failing to adequately train and supervise the its employees; and

   g.   Exhibiting deliberate indifference to the sexual misconduct directed at Plaintiff.

21.    The School District has an unconstitutional custom or policy of:

   a.   Failing to report criminal misconduct;

   b.   Failing to investigate criminal misconduct;

  c. Discounting the credibility of female students allegations; and

  d. Failing to adequately train and supervise employees with regard to the investigation and reporting of sexual abuse of students.

22. The policy is attributable to a policymaker.

23. The resulting inadequate policies and resulting failure to train allowed Bodine, as the School District's employee, to violate Plaintiff's 4th Amendment rights and Plaintiff's 14th Amendment rights to Equal Protection and Due Process.

24. Molestation of female students at a school is a danger.

25. An environment where a female student is feloniously touched, molested, raped and/or receives lewd or lascivious communications from an adult is a dangerous environment.

26. The School District created a dangerous environment for its female students, including Plaintiff.

27. The School District, as a state actor, affirmatively acted to create, or increased Plaintiff's vulnerability to, or danger from, the misconduct of Defendant Bodine.

28. Plaintiff was a member of a limited and specifically definable group—namely, females and students.

29. The School District created the danger or increased the Plaintiff's vulnerability to the danger by at least effectively ignoring other allegations and not immediately removing Defendant Bodine from its School District after receiving notice of his misconduct.

30. The School District's conduct put Plaintiff at substantial risk of serious, immediate and proximate harm. That risk included the risk of being abused while at the School District's high school. Indeed, Defendant Bodine abused Plaintiffs after the School District had actual notice of Bodine's misconduct.

31.     The risk of danger was obvious or known to the School District.

32.     The School District's actions and inactions created an opportunity for Defendant Bodine to engage in sexual misconduct.

33.     The School District acted recklessly in conscious disregard of that risk.

34.     The School District's conduct, when viewed in total, shocks the conscience.

WHEREFORE, premises considered, Defendant School District and the failings of its officials and employees as described above resulted in Plaintiff suffering severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation. Plaintiff prays for judgment against the Defendant School District for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332 plus interest, attorney fees and costs and whatever further relief this court deems just and equitable.

## SECOND CAUSE OF ACTION
### Violation of Title IX

COME NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for her Second Cause of Action, alleges and states:

35.     The School District receives federal financial assistance.

36.     The School District's disregard of the sexual misconduct of Bodine was so severe and objectively offensive that it deprived Plaintiff of educational opportunities and benefits provided by their public schooling.

37.     The School District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), because

    a.   Plaintiff was a member of a protected class;

     b.   Plaintiff was subjected to sexual harassment in the form of sexual pursuit and sexual misconduct by a person on campus of the School District;

     c.   Plaintiff was subjected to harassment based on her sex; and

     d.   Plaintiff was subjected to retaliation.

38.     Plaintiff was subjected to a hostile educational environment created by the School District's lack of policies and procedures and failure to properly investigate and/or report sexual misconduct.

39.     The School District and its officials and employees had knowledge, including actual knowledge, of the sexual misconduct and the resulting harassment Plaintiff suffered as a result of the School District's failure to notify law enforcement.

40.     Teachers, counselors, principals, and superintendents are appropriate persons to receive complaints for purposes of a Title IX claim.

41.     Bodine's misconduct was a substantial danger and risk to the School District's female students.

42.     The School District had evidence of more than a single, uncorroborated report of inappropriate touching of a female student by Bodine.

43.     The harassment suffered by Plaintiff was severe, pervasive, and objectively offensive.

44.     Further, the School District had actual notice of Bodine's misconduct via communications to its employees, whom were all acting within the course and scope of their employment by the School District.

45.   The School District acted with deliberate indifference by failing to properly investigate and to inform law enforcement or other governmental officials. Defendant's inactions were clearly unreasonable in light of the known circumstances.

46.   The School District's actions and inactions caused Plaintiff to undergo further misconduct by Bodine and made her vulnerable to that misconduct.

47.   Defendant School District persisted in its action and inaction even after it had actual knowledge of the harm suffered by Plaintiff.

48.   The School District's failure to promptly and appropriately respond to the alleged sexual harassment and sexual misconduct resulted in Plaintiff, on the basis of her sex, being excluded from participation in, being denied the benefit of, and being subjected to discrimination in the School District's education program in violation of Title IX.

49.   The School District failed to take immediate, effective remedial or preventative steps to resolve, investigate, or prevent further sexual assaults. Instead, the School District acted with deliberate indifference toward Plaintiff.

50.   The School District's response was clearly unreasonable in light of the circumstances known to them.

51.   The School District's actions, including, but not limited to its failure to effectively and immediately investigate Bodine's misconduct, to send students who alleged misconduct back to Bodine's class where Bodine was present, and to abjectly disbelieve multiple victims, was not reasonable responses to the substantial risk of sexual misconduct.

52.   The School District dismissed and marginalized allegations of Bodine's sexual misconduct.

53.     In response to allegations of Bodine's sexual misconduct, the School District did not conduct a legitimate investigation.

54.     The School District's subjective assessment of Bodine's victims' credibility was an insufficient investigation in light of the facts reported to the School District by those victims.

55.     The School District could have exercised its inherent authority over school property to immediately prohibit Bodine from entering school property and abusing Plaintiff. It did not.

56.     The School District engaged in a pattern and practice of behavior that failed to fully investigate, alert, and protect students from sexual misconduct within the school district.

57.     Plaintiff has suffered physical pain, emotional distress, and psychological damage.

58.     WHEREFORE, premises considered Defendant School District's actions were the direct and proximate cause of Plaintiff being deprived of a safe and harassment-free educational environment. As a result of Defendant School District's actions and inactions, Plaintiff has suffered and continues to suffer severe emotional distress and/or psychological damage and/or significant pain and suffering and/or personal humiliation.

### THIRD CAUSE OF ACTION
### Assault and Battery Against Defendant Daniel Bodine, only

COME NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for her Third Cause of Action, alleges and states:

59.     Defendant Bodine acted without the lawful consent of the Plaintiff.

60.     Defendant Bodine acted intentionally with the intent of making harmful contact with Plaintiff.

61.     Defendant Bodine's actions resulted in harmful contact with Plaintiff.

62.     As a direct result of the assault and battery, Plaintiff has suffered injuries and damages.

63.     The actions of Defendant Bodine were reckless and in disregard for the rights of others, including the rights of Plaintiff.

64.     Plaintiff is entitled to recover actual and punitive damages against the Defendant Bodine, individually, to deter him, and others similarly situated, from this behavior in the future and to punish him for his socially unacceptable behavior.

WHEREFORE, Plaintiff prays for judgment against the Defendant, Daniel Bodine, individually, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable. Additionally, if permitted under the facts of this case and by Oklahoma law, Plaintiff further prays for an award of punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 United States Code §1332.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress Against Defendant Daniel Bodine, only

COME NOW the Plaintiff and hereby adopts and includes the foregoing statements and allegations as if they were fully stated herein, and for her Fourth Cause of Action, alleges and states:

65.     The physical and mental abuse that Defendant Bodine gave to Plaintiff was done maliciously and sadistically.

66.     Defendant Bodine's actions were extreme and outrageous and beyond the bounds of decency.

67.     Defendant Bodine's actions were atrocious and utterly intolerable in a civilized society.

68.     As a direct result of Defendant Bodine's actions, Plaintiff was severely traumatized, beyond which a reasonable female student could be expected to endure.

69.     Defendant Bodine intentionally and/or recklessly caused her emotional distress.

70.     The actions of Defendant Bodine were intentional and/or reckless, with disregard for the rights of others, including the rights of Plaintiff.

71.     Plaintiff is entitled to recover punitive damages against Defendant Bodine to deter him, and others similarly situated, from this behavior in the future and to punish him for his socially unacceptable behavior.

WHEREFORE Plaintiff prays for judgment against the Defendant, Daniel Bodine, individually, for a sum in excess of the amount required for diversity jurisdiction under 28 United States Code §1332, plus interest, attorney fees and costs and whatever further relief this court deems just and equitable. Additionally, if permitted under the facts of this case and by Oklahoma law, Plaintiff further prays for an award of punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 United States Code §1332.

Respectfully submitted,

CAMERON SPRADLING, OBA #8509
500 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Phone: (405) 605-0610
Fax: (405) 605-0615
Cameron@CameronSpradling.com

11

RICHARD S. TOON, JR., OBA #16069
ANDREW G. WAKEMAN, OBA #21393
1619 S. Peoria Ave., Ste. A
Tulsa, Oklahoma 74120
Phone: (918) 477-7884
Fax: (918) 477-7893
RichToon@ToonLawFirm.com
AndrewWakeman@ToonLawFirm.com

ATTORNEYS FOR PLAINTIFFS

FILED IN THE DISTRICT COUR[T]
ROGERS COUNTY OKLAHOMA

### *Claudia Dohn*

237 E Beech St – Skiatook, Ok. 74070

**PROOF OF SERVICE**

JUN 07 2021

CJ-2020-345 CATHI EDWARDS, COURT CLE[RK]

DEPU[TY]

Documents served: I, being duly sworn, certify that on __06/06/21__ I, received the forgoing, to wit:
__X_Summons & Plaintiff's First Amended Petition      ____Entry of Appearance
____Summons w/ Complaint          ____Request for Admissions      ____Forcible Entry & Detainer
____Motion to Set Visitation          ____Request to Set and Notice of Parenting Plan Conference
____Order:          ____Subpoena w/ Fees          ____Garnishment Affidavit
____Interrogatories          ____Subpoena Duces Tecum          ____Deposition Subpoena/fees
____Petition for Dissolution of Marriage, Request for Temporary Orders & Request for Hearing

**METHOD OF SERVICE:** Answered the same according to law in the following manner, to wit:

**PERSONAL SERVICE:**
    □ By delivering a true copy of said process personally to:_____  _____
      at:_____ Date:_____ Time:_____

**USUAL PLACE OF RESIDENCE:**
    □ By leaving a copy of said process for_____with:_____
      a resident/family member, fifteen years of age or older, at_____
      which is his/her usual place of residence.          Date:_____ Time:_____

    □ By leaving a copy of said process for_____with_____
      a resident/family member, fifteen years of age or older, at_____
      which is his/her usual place of residence.          Date:_____ Time:_____

**CORPORATION/PARTNERSHIP:**
    _X_ By delivering a true copy of said process to **BreAnna Rogers** he/she being the person authorized,
    Service Agent, Agent in Charge, an Officer or Partner of said Entity, to wit: **Independent School**
    **District No 4 of Rogers County, Oklahoma, a/k/a Oologah-Talala School District, a/k/a**
    **Oologah-Talala Public School** at :**10700 US 169, Oologah, OK 74053** Date: **06/07/21** Time: **9:29 AM**

**NOT FOUND:**
    □ Said process was not served on the following named for the reasons stated:_____
    _____

**OTHER INFORMATION:**
    □ _____

### **AFFIDAVIT**

I,**Claudia Dohn**, the undersigned, do under oath, say that I served this summons and made return thereon,
according to law & that I am duly authorized to make this affidavit, so help me God.

    (Seal)

                           Claudia Dohn          PSS-2020-13

Subscribed and sworn to before me:_____

On this __7th__ Day of **June, 2021** Notary Public

BRYAN SMITH
Notary Public – State of Oklahoma
Commission Number 01013164
My Commission Expires Aug 31, 2021

# IN THE DISTRICT COURT OF ROGERS COUNTY
## STATE OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1) | JANE DOE NO. 1, | § | |
| | | § | |
| | Plaintiff, | § | |
| | v. | § | CASE NO: CJ-2020-345 |
| | | § | |
| 1) | INDEPENDENT SCHOOL DISTRICT | § | *Judge Sheila A. Condren* |
| | NO. 4 OF ROGERS COUNTY, | § | |
| | OKLAHOMA, a/k/a OOLOGAH- | § | |
| | TALALA SCHOOL DISTRICT, a/k/a | § | |
| | OOLOGAH-TALALA PUBLIC | § | |
| | SCHOOLS; and, | § | |
| 2) | DANIEL BODINE, an individual, | § | |
| | | § | |
| | Defendants. | § | |

## SUMMONS

To the above-named Defendant:   Oologah-Talala Independent School District
No. 4 of Rogers County, Oklahoma,
a/k/a Oologah-Talala Public Schools
c/o Clerk of Board of Education
10700 US 169
Oologah, OK 74053

You have been sued by the above-named plaintiff, and you are directed to file a written answer to the attached First Amended Petition in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the date of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 7th day of June, 2021.

Cathi Edwards COURT CLERK

By: _____
Deputy Court Clerk

(Seal)

**Attorney for Plaintiff:**
Cameron Spradling
Attorney & Counselor at Law
500 North Walker Avenue, Suite 140
Oklahoma City, OK 73102
Telephone: (405) 605-0610 / Facsimile: (405) 605-0615

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT, OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.**

This summons was mailed/served on _____ 6/7/21 _____.

(Date of Service)

Signature of person serving summons